<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| LUZ FIGUEROA, | : | |
| Plaintiff, | : | Civil Action No. 14-6193 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Luz Figueroa ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for supplemental security income benefits, alleging disability beginning February 8, 2005. A hearing was held before ALJ Eric W. Borda (the "ALJ") on October 23, 2012, and the ALJ issued an unfavorable decision on January 23, 2013, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of January 23, 2013, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations.  At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform her past relevant work.  At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded based on three points, all of which challenge the ALJ's weighting of the mental health evidence.

Plaintiff's case on appeal suffers from three principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; 2) its failure to deal with the harmless error doctrine; and 3) its failure to recognize the substantial evidence standard of review.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case,

"the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

This Court reviews the Commissioner's decisions under the substantial evidence standard. This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

Under this standard, this Court must affirm the residual functional capacity determination at step four if it is supported by substantial evidence. Plaintiff challenges the ALJ's weighting of the mental health evidence in making this determination.

As to the mental health evidence, the ALJ first reviewed the evidence from treating psychiatrist Dr. Wang. Dr. Wang submitted an evaluation, dated May 16, 2011, which the ALJ

stated he gave great weight to. In this evaluation, Dr. Wang stated that Plaintiff had no obvious symptoms during treatment sessions, and wrote: "Not sure [patient] should be declared disability. [*sic*] [Patient] seems to dramatize [symptoms] quite a lot when this paper is brought up. R/O Malingering." (Tr. 430.)

The ALJ next reviewed the evidence from Dr. Perdomo, who conducted a consultative psychiatric examination. The ALJ stated that, while Dr. Perdomo had found that Plaintiff's psychiatric condition would affect her ability to function at a job, he gave this report little weight, as it was based on a one-time examination.

The ALJ next reviewed the evidence from the two agency psychological consultants. The ALJ stated that both consultants had opined that Plaintiff was able to understand and follow simple directions, maintain concentration, pace, and persistence for at least two hours, and adapt to changes in work-like settings. The ALJ stated that he gave these assessments considerable weight.

Last, the ALJ reviewed the evidence from Dr. Sandoval, the most recent treating psychiatrist. The ALJ observed that Dr. Sandoval had made no assessment of Plaintiff's ability to work.

As to non-exertional impairments, the ALJ concluded that Plaintiff was limited to simple, routine and repetitive tasks with only occasional interaction with the public, and she needs to be allowed to be off task 5% of the workday due to impaired attention.

As stated, this Court must affirm the ALJ's determination if it is supported by substantial evidence. The record shows that the ALJ's residual functional capacity determination is supported by treating psychiatrist Dr. Wang's evaluation, and the evaluations of the two state

agency reviewers.  This Court finds that these constitute substantial evidence supporting the residual functional capacity determination.

Plaintiff's brief makes much of the fact that the record contains what appears to be conflicting medical opinions, and points to the evidence which, she contends, does not support the ALJ's determination.  Because this Court reviews the step four residual functional capacity determination under the substantial evidence standard, Plaintiff bears the burden, when appealing the residual functional capacity determination, of showing that the ALJ's decision was not supported by substantial evidence.  Plaintiff has not done so, but has only argued that the ALJ should have weighed the evidence differently.  Plaintiff's challenges to the ALJ's weighting of the evidence ask this Court to re-weigh the evidence, which it may not do: "Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Plaintiff's brief does not recognize that this principle is fundamental to Social Security appeals.

This Court finds that the ALJ's step four determination is supported by substantial evidence. Furthermore, the Court makes a few observations.  To have a treating psychiatrist submit an evaluation suggesting that a claimant is a malingerer is extraordinary and, in this Court's experience, unprecedented.  In addition, the record does not show that any mental health expert opined that Plaintiff is unable to work.  Dr. Sandoval wrote nothing about Plaintiff's ability to work, and Dr. Perdomo stated that "[h]er condition is such that it will affect her ability to function effectively at the job."[1]  (Tr. 378.)  The ALJ's residual functional capacity

---

[1] This statement is so general that it encompasses a wide range of problems, from the minimal to the most severe.

determination is therefore not in conflict with either Dr. Sandoval's or Dr. Perdomo's evaluation. Plaintiff has not persuaded this Court that the ALJ erred at step four.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                    s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER, U.S.D.J.

Dated: May 25, 2016